UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

ROY KUMAR, an individual, and as Trustee of the 1998 Roy Kumar Trust,

Plaintiff,

v.

MONICA KOHS, an individual, KELLY RAMSEY, an individual, ELIZABETH PINTAR, an individual, and DOE Defendants 1-10, inclusive,

Defendants.

No. 2:18-cv-03277-MCE-CKD

**MEMORANDUM AND ORDER**

---

Plaintiff Roy Kumar, as Trustee of the 1998 Roy Kumar Trust ("Plaintiff"), asks the Court to remand the instant matter, pursuant to 28 U.S.C. § 1447(c), back to the Superior Court of the State of California in and for the County of El Dorado where it was originally instituted. For the reasons set forth below, Plaintiff's Motion is GRANTED while his request for attorney's fees and costs is DENIED.[1]

///
///
///

---
[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

This case involves certain real property located at 2227 Dundee Circle, South Lake Tahoe, El Dorado County, California ("Property"). On November 8, 2004, then-owner of the Property, Jana Ney Walker ("Walker") conveyed the Property to Monica Kohs ("Kohs") through a Grant Deed with no exceptions, reservations, or limitations to the fee. On November 29, 2004, Walker and Kohs entered into a Land Coverage Transfer Agreement in which Kohs transferred 23,188 square feet of unused allowed Class 3 land coverage rights appurtenant to the Property to Walker. Through an Irrevocable Power of Attorney, Kohs appointed Walker as her agent for the limited purpose of selling and transferring any portion of the reserved coverage. This Agreement was not evidenced in the Grant Deed. Additionally, Walker and Kohs entered into a Memorandum of Option, giving Kohs the option to purchase 3,000 square feet of Walker's reserved coverage within one year of the Option being recorded.

On December 9, 2004, Kohs conveyed the Property to the Monica Noelle Kohs Revocable Trust ("Kohs's Trust"). On May 12, 2006, Kohs's Trust conveyed the Property to Thomas M. Lewis ("Lewis") through a Grant Deed with no exceptions, reservations, or limitations to the fee. On February 22, 2007, Kohs and Walker entered into an Amended Land Coverage Transfer Agreement and Irrevocable Power of Attorney ("Amended Agreement"), which alleges that on November 23, 2005, Kohs exercised her option to purchase 3,000 square feet of Walker's reserved coverage. Lewis was not a signatory to this Amended Agreement.

On June 30, 2008, Lewis lost the Property to foreclosure, and Plaintiff purchased the Property at the foreclosure sale on December 28, 2008. A Grant Deed conveyed the Property to Plaintiff with no exceptions, reservations, or limitations to the fee. Plaintiff discovered the Irrevocable Power of Attorney and recorded a Revocation of Power of

---
[2] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint. ECF No. 1.

Attorney on May 20, 2009.  Between 2009 and 2013, Plaintiff unsuccessfully worked with Kohs and the Tahoe Regional Planning Agency ("TRPA") to resolve the disputes relating to ownership of the remaining coverage.

In June 2016, Kohs entered into an agreement with Kelly Ramsey ("Ramsey") and Elizabeth Pintar ("Pintar") for the purchase of approximately 360 square feet of Class 3 coverage located on the Property.  Kohs allegedly misrepresented to Ramsey, Pintar, and the TRPA that she was the valid owner of the coverage.  Relying on Kohs's representation, Ramsey and Pintar filed a Transfer of Bankable Rights Application for the coverage.  After reviewing the Amended Agreement, the TRPA determined that Kohs was entitled to the coverage and granted the permit for the coverage transfer.  On August 29, 2016, Kohs executed a Deed Restriction, encumbering the title to the Property and placing restrictions on Plaintiff without his consent.  Plaintiff appealed the TRPA's determination but was not afforded any relief.

On November 15, 2018, Plaintiff filed his Complaint in the Superior Court of the State of California, County of El Dorado.  Plaintiff named Kohs, Ramsey, and Pintar as defendants and asserted the following claims: (1) Quiet Title, (2) Cancellation of Voidable Instrument, (3) Declaratory Relief, (4) Slander of Title (as to Kohs), and (5) Intentional Misrepresentation to Third Parties (as to Kohs).  On December 28, 2018, Kohs removed the case to this Court based on federal question jurisdiction.  According to Kohs, the TRPA Interstate Compact and implementing regulations, which govern the transfer of coverage rights for the property in question, are federal law for purposes of federal question jurisdiction under 28 U.S.C. § 1331.  Def.'s Notice of Removal, ECF No. 1, 3:1-4.  On January 14, 2019, Plaintiff filed the present motion to remand the case back to state court.

///
///
///
///

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal question jurisdiction under 28 U.S.C. § 1331 is one of two recognized grounds for such removal. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392. Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal. They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal

///

question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney's fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

The gravamen of the parties' dispute over jurisdiction rests on whether Plaintiff's Complaint, which purports to allege only state law claims, necessarily turns on a determination of federal law. In situations where the plaintiff's cause of action is created by state law, "its case might still arise under the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983) (internal quotation marks omitted). A state law claim will raise a substantial federal question when: (1) a substantial, disputed question of federal law is a necessary element of the well-pleaded state claim or the claim is an inherently federal claim articulated in state law terms; or (2) the right to relief depends on the resolution of a substantial, disputed federal question. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1042-43 (9th Cir. 2003). Kohs argues that Plaintiff's state law claims require an interpretation of property rights under the TRPA ordinances, which are considered federal law. Koh's Opp'n to Pl.'s Mot. Remand, ECF No. 8, at 2. See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 507 F.2d 517, 524-25 (9th Cir. 1974) (finding federal question jurisdiction "over a case involving the construction of the Tahoe Regional Planning Compact").

1      To qualify for federal question jurisdiction, a right or immunity created by federal
2 law "must be an essential element" of Plaintiff's claim. League, 507 F.2d at 519. "[T]he
3 question whether a claim arises under federal law must be determined by reference to
4 the well-pleaded complaint." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S.
5 804, 808 (1986) (internal citations and quotation marks omitted). Here, Plaintiff alleges
6 Kohs misrepresented to Ramsey, Pintar, and the TRPA "that she was the valid owner of
7 the coverage, despite knowing she did not have a validly recorded grant deed,
8 reservation within such a deed," or other interest granting her such ownership. Compl.,
9 ECF No. 1, at ¶ 37. Based on this alleged misrepresentation, Ramsey and Pintar filed a
10 Transfer of Bankable Rights Application for the coverage, which the TRPA approved. Id.
11 at ¶¶ 40, 42. It is thus apparent that Plaintiff's claims are not about the TRPA itself but
12 rather the alleged fraud Kohs perpetrated on the TRPA and the other defendants.
13      Even assuming that the TRPA ordinances must be examined to determine the
14 merits of Plaintiff's claims, those ordinances are only being raised as a defense,
15 specifically that there was no fraudulent behavior because Kohs's actions were
16 authorized by the TRPA. See Kohs's Opp'n to Mot. Remand, ECF No. 8, at 3. It is well-
17 settled that a defense is not part of a properly pleaded claim for purposes of invoking
18 subject matter jurisdiction. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); see
19 also Franchise Tax Bd., 463 U.S. at 14 (holding that a case cannot be removed "on the
20 basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's
21 complaint, and even if both parties admit that the defense is the only question truly at
22 issue in the case."). Because no substantial federal question exists, Plaintiff's Motion to
23 Remand is GRANTED.
24      Plaintiff also requests an award of attorney's fees and costs. The Court, in
25 exercising its discretion under the circumstances of this case, believes such an award is
26 not warranted.
27 ///
28 ///

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand, ECF No. 5, is GRANTED. Plaintiff's request for attorney's fees and costs they incurred in conjunction with the Motion, however, is DENIED. The Clerk of the Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of El Dorado, for final adjudication. Given that Remand, Defendant Kohs's Motion to Dismiss, ECF No. 4, is DENIED as moot. Following transfer of this matter to state court, the Clerk shall close the file pending here.

IT IS SO ORDERED.

Dated: April 8, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE